Frank Busch (258288)
ef-fhb@cpdb.com
**COBLENTZ PATCH DUFFY & BASS LLP**
1 Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800

Duane L. Loft*
Duane.Loft@pallasllp.com
Brianna Hills Simopoulos*
Brianna.Simopoulos@pallasllp.com
Mark C. Davies*
Mark.Davies@pallasllp.com
**PALLAS PARTNERS (US) LLP**
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300

*_Pro hac vice_ applications forthcoming

_Counsel for Petitioner_

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>FourWorld Event Opportunities, LP,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 3:25-mc-80029<br><br>**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

## TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ..................................................................... 1

II.  BACKGROUND ...................................................................................... 3

    A.  Parties to the Appraisal Proceeding and the Merger ............................... 3

    B.  Bermuda Appraisal Proceeding .......................................................... 4

    C.  Respondents and the Discovery Sought ............................................... 5

        1.  J. Daniel Plants ...................................................................... 6

        2.  Voce Capital .......................................................................... 7

III.  ARGUMENT ......................................................................................... 7

    A.  The Application Satisfies the Three Statutory Requirements of 28 U.S.C.
        § 1782 .......................................................................................... 8

        1.  Respondents Are Found in this District. ..................................... 8

        2.  The Discovery Sought Is "For Use" in a Foreign Proceeding. ........ 9

        3.  Petitioner Is an "Interested Person." ....................................... 10

    B.  The *Intel* Factors Weigh Strongly in Favor of Discovery ...................... 10

        1.  *Intel* I: Respondents Are Not Parties to the Appraisal Proceeding. ........ 10

        2.  *Intel* II: The Bermuda Court Is Receptive to the Requested
            Discovery. ........................................................................... 12

        3.  *Intel* III: Petitioner Is Not Circumventing Foreign Proof-Gathering
            Restrictions. ........................................................................ 14

        4.  *Intel* IV: The Subpoenas Are Not Unduly Burdensome. ..................... 16

IV.  CONCLUSION ..................................................................................... 17

1

## TABLE OF AUTHORITIES

2

### Cases

3

*Alpine Partners (BVI) L.P. v. Mark Guinan*,
    No. 2:24-MC-5-SPC-KCD, ECF No. 36 (M.D. Fla. Apr. 15, 2024)...............................12

4

5

*Am. Patriot Ins. Agency, Inc. v. Hendricks*,
    No. 10-CV-00985, ECF No. 8 (N.D. Ill. Feb. 19, 2010) .................................................14

6

*de Leon v. Clorox Company*,
    No. 19-mc-80296-DMR, 2020 WL 4584204 (N.D. Cal. Aug. 10, 2020)......................16

7

8

*FourWorld Event Opportunities, LP v. Dodds*,
    No. 1:22-mc-00018-TNM, ECF No. 8 (D.D.C. Feb. 14, 2022) .....................................11

9

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
    No. 19-MC-80277-TSH, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020).........................18

10

11

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
    No. 19-MC-80215, 2020 WL 820327 (N.D. Cal. Feb. 19, 2020) .......................9, 16, 18

12

*In re Alpine Partners (BVI) L.P.*,
    635 F. Supp. 3d 900 (N.D. Cal. 2022) .........................................................................10

13

14

*In re Application of Action & Prot. Found.*,
    No. C 14–80076 MISC EMC (LB), 2014 WL 2795832 (N.D. Cal. June 19, 2014) ........8

15

*In re Application of Credit Suisse Virtuoso SICAV-SIF In Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance Fund*,
    No. 21-MC-80308-JCS, 2022 WL 1786050 (N.D. Cal. June 1, 2022) ...................15, 17

16

17

*In re Application of Hill*,
    No. M19-117 (RJH), 2005 WL 1330769 (S.D.N.Y. June 3, 2005) ...............................14

18

19

*In re Application of Murchinson Ltd.*,
    No. 2:23-mc-00191-SB-PD, 2024 WL 489175 (C.D. Cal. Jan. 26, 2024)....................10

20

*In re Application of Oasis Core Invs. Fund Ltd.*,
    No. 23-mc-402 (SHS), 2024 WL 472984 (S.D.N.Y. Feb. 7, 2024) ..............................16

21

22

*In re Bayer AG*,
    146 F.3d 188 (3d Cir. 1998)..........................................................................................17

23

*In re FourWorld Event Opportunities, LP*,
    No. 21-mc-00283-RGS, ECF No. 6 (D. Del. July 29, 2021)..........................................11

24

25

*In re FourWorld Event Opportunities, LP*,
    No. 21-mc-00543-PKC, ECF No. 8 (S.D.N.Y. Aug. 8, 2021) .......................................11

26

*In re Gushlak*,
    No. 11-MC-218 (NGG), 2011 WL 3651268 (E.D.N.Y. Aug. 17, 2011).......................17

27

28

*In re Hattori*,
    No. 21-mc-80236-TSH, 2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) .......................15

-ii-

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

*In re Mireskandari*,
    No. 12-CV-2865-IEG (DHB), 2012 WL 12877390 (S.D. Cal. Dec. 20, 2012) ....... 11, 15

*In re Mut. Assistance of Local Court of Wetzlar, Germany*,
    No. 17-mc-00078-SKO, 2018 WL 2183966 (E.D. Cal. May 11, 2018)........................ 8

*In re Nokia Techs. Oy*,
    No. 21MC1487 (MSB), 2022 WL 788702 (S.D. Cal. Mar. 15, 2022) ......................... 13

*In re Pioneer Corp. v. Technicolor, Inc.*,
    No. LA CV18-04524 JAK (SSx), 2018 WL 4961911 (C.D. Cal. Sept. 12, 2018)......... 11

*In re PJSC Uralkali for an Ord. Pursuant to 28 U.S.C. § 1782*,
    No. C18-1673JLR, 2019 WL 291673 (W.D. Wash. Jan. 23, 2019) .............................. 17

*In re Republic of Ecuador*,
    No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010)... 11

*In re Request for Int'l Jud. Assistance from the Nat'l Ct. Admin. Of the Republic of Korea*,
    No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015)..................... 8

*In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*,
    555 F.2d 720 (9th Cir. 1977) ....................................................................................... 10

*In re Vahabzadeh*,
    No. 20-mc-80116-DMR, 2020 WL 5095131 (N.D. Cal. Aug. 28, 2020)...................... 9

*In re Wallis*,
    No. 18-MC-80147-DMR, 2018 WL 5304849 (N.D. Cal. Oct. 24, 2018) ...................... 8

*In re Winston Wen-Young for Assistance before a Foreign Tribunal*,
    No. 21-cv-8627, ECF No. 19 (D.N.J. June 15, 2021)................................................... 14

*In re: Application of Joint Stock Co. Raiffeinsenbank*,
    No. 16-MC-80203-MEJ, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016)....................... 13

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)............................................................................................ passim

*Letter of Request for Examination of Witness Out of Jurisdiction, Am. Patriot Ins. Agency, Inc. v. Hendricks*,
    No. 10-CV-00985, ECF No. 1-3 (N.D. Ill. Feb. 12, 2010) ......................................... 14

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015).................................................................................... 15

*Palantir Techs., Inc. v. Abramowitz*,
    415 F. Supp. 3d 907 (N.D. Cal. 2019) ...................................................................... 13

*Qualcomm Inc for an Order Pursuant to 28 U.S.C. § 1782*,
    No. 18-MC-80134-NC, 2018 WL 6660068 (N.D. Cal. Dec. 19, 2018) ....................... 9

*Stockinger v. Toyota Motor Sales, U.S.A., Inc.*,
    No. 18MC00084VAPKSX, 2018 WL 6517106 (C.D. Cal. Aug. 15, 2018) ................. 18

-iii-

*TS Prod., Inc v. Champion Fiberglass, Inc.*,
    309 F.R.D. 527 (N.D. Cal. 2015) .............................................................................. 18

*Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc*,
    No. 14-CV-04568-RS (KAW), 2015 WL 6167968 (N.D. Cal. Oct. 21, 2015) ............. 18

**<u>Statutes</u>**

28 U.S.C. § 1782 ................................................................................................................ passim

-iv-

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

FourWorld Event Opportunities, LP ("Petitioner") respectfully submits this application pursuant to 28 U.S.C. § 1782 (the "Application") seeking an order: (a) granting Petitioner leave to serve subpoenas (the "Subpoenas") on J. Daniel Plants ("Mr. Plants") and Voce Capital Management LLC ("Voce Capital", and together with Mr. Plants, "Respondents"); (b) directing Respondents to produce the materials described in the Subpoenas within thirty days of service of the Subpoenas; (c) directing Respondents each to provide deposition testimony in compliance with the Subpoenas on a mutually agreeable date within a reasonable time after each of the Respondents' confirmation of its final production of documents in response to the Subpoenas issued against them; and (d) granting any and all other relief the Court deems just and proper.

## I.    PRELIMINARY STATEMENT

Petitioner respectfully submits this Application pursuant to 28 U.S.C. § 1782 to take discovery from a person and an entity found in this District for use in a shareholder appraisal proceeding (the "Appraisal Proceeding") pending before the Supreme Court of Bermuda (the "Bermuda Court").    In the Appraisal Proceeding, Petitioner (along with other dissenting shareholders) seeks a determination of the fair value of its shares in Argo Group International Holdings, Ltd. ("Argo" or the "Company"), a Bermuda company that was delisted from the New York Stock Exchange and taken private on November 16, 2023 (the "Merger"), resulting in the forcible purchase and cancellation of Petitioner's shares.    Through this Application, Petitioner seeks discovery relating to the fairness of the Merger Price and the process that led to the Merger—core issues in the Appraisal Proceeding.

Petitioner's Application meets all of the statutory requirements of Section 1782: (i) Respondents "reside" or are "found" in this District; (ii) the requested discovery is "for use" in a foreign proceeding, namely the Appraisal Proceeding; and (iii) Petitioner, a claimant in the Appraisal Proceeding, easily meets the standard for an "interested person" under the statute.    In addition, each of the Supreme Court's factors that guide this Court's exercise of discretion under Section 1782 weigh decisively in favor of granting Petitioner's Application.    *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

- 1 -

The first *Intel* factor weighs in favor of discovery because Petitioner seeks discovery from nonparticipants in the Appraisal Proceeding. *Id.* As recognized in *Intel*, "nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Respondents are not named parties in the Appraisal Proceeding or otherwise subject to the jurisdiction of the Bermuda Court. Declaration of Delroy Duncan KC ("Duncan Declaration" or "Duncan Decl.") ¶¶ 35–36.

Under the second *Intel* factor, which considers the character of the foreign proceeding and receptivity of the foreign tribunal, there is no indication, let alone the required "authoritative proof," suggesting that the Bermuda Court might be unreceptive to Section 1782 assistance. *Id.* To the contrary, Petitioner will have the right to present evidence gathered under Section 1782 to the Bermuda Court in support of its claims. Several U.S. courts have granted Section 1782 applications for the production of documents in aid of appraisal proceedings, including in Bermuda courts.

Under the third *Intel* factor, the Application is not concealing any improper attempt to circumvent foreign discovery restrictions on proof gathering. *See Intel*, 542 U.S. at 264. The requested discovery does not implicate any privilege or special protection that would make it improper under Bermuda law.

Under the fourth *Intel* factor, the proposed discovery is not unduly burdensome. *Id.* To the contrary, the Subpoenas are tailored to seek evidence addressing the fair value of the Petitioner's shares in the Company and the process that the Buyer and the Company undertook to negotiate and approve the Merger. As explained in the Duncan Declaration, such information is evidence directly relevant to the critical issues in the Appraisal Proceeding. Duncan Decl. ¶ 45.

Finally, the Court should exercise its discretion to order production of any responsive discovery that Respondents have in their possession, custody, or control.

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

## II.     BACKGROUND

### A.     Parties to the Appraisal Proceeding and the Merger

Petitioner is an investment fund that invested in Argo and is a party to the Appraisal Proceeding.  Duncan Decl. Exs. 1–6.  Petitioner owned shares in Argo immediately before the Merger.

The Company is a U.S.-focused insurance underwriter organized under Bermuda law.  *Id.* Prior to its delisting as part of the Merger, the Company had been listed on the New York Stock Exchange under the symbol "ARGO" since May 2018.  *Id.*

On March 20, 2023, the Company filed a proxy statement (the "Proxy Statement") with the Securities Exchange Commission announcing that it had entered into a Merger Agreement with Brookfield Reinsurance Ltd., now known as Brookfield Wealth Solutions Ltd. ("Brookfield"),[1] under which, if approved by the shareholders, the Company would be taken private and the shares of minority shareholders, including Petitioner, would be compulsorily purchased at a price of $30 per share (the "Merger Price").  Loft Decl. Ex. 3.  The Buyer, Brookfield, is a Bermuda exempted company "focused on providing capital-based solutions to the insurance industry."  *Id.* at 1.

According to the Proxy Statement, the Company began to consider "the possibility of initiating a review of potential strategic alternatives, including a sale of Argo" in March 2022. Proxy Statement at 24.  In April 2022, the Company engaged Goldman Sachs & Co. LLC as its financial advisor "in connection with the strategic review process, including the possible sale of all or a portion of Argo."  *Id.* at 25.  On August 4, 2022, Argo's board of directors appointed Mr. Plants, the founder and Chief Investment Officer of Voce Capital, as a non-employee, independent director of the Company.  *Id.* at 26.  On September 1, 2022, Mr. Plants was appointed as the chair of the Company's strategic review committee that negotiated, reviewed, and recommended the

---

[1] In July 2024, Brookfield Reinsurance Ltd. changed its name to Brookfield Wealth Solutions Ltd., effective September 4, 2024.  *See* Loft Decl. ¶ 3.

Merger.  *Id.*  Mr. Plants attended all of the meetings of the strategic review committee during his time as a Director.  *Id.* at 48.

In November 2022, the Company received an initial offer from Brookfield to acquire the Company at a price of $30 per share in cash.  *Id.* at 27–28.  In the course of additional negotiations and due diligence, Brookfield conditioned its proposal on Voce Capital, a significant shareholder of the Company, agreeing to enter into a voter agreement to vote its shares in favor of the Merger.  *Id.* at 29.

Brookfield submitted an updated offer on February 3, 2023, for the same price, and indicated that it was not willing to increase its offer price further.  *Id.* at 31.  On February 8, 2023, representatives of Voce Capital, the Company, and Brookfield met to discuss the remaining open points with respect to the Merger Agreement.  *Id.* at 32.  Also on February 8, 2023, Goldman Sachs & Co. LLC issued a fairness opinion, opining that Brookfield's $30 per share offer price was "fair from a financial point of view" and presented its analysis orally and in writing.  *Id.*, Annex B ("Fairness Opinion").  Purportedly relying on the Fairness Opinion, on February 8, 2023, the Company's Board of Directors, including Mr. Plants, voted to approve the Merger with Brookfield at a price of $30 per share, the same price as Brookfield's original offer.  *Id.* at 32, 34.  On February 13, 2023, Mr. Plants resigned from the Company's Board of Directors.  *Id.* at 32.

Concurrently with the Merger Agreement, Voce Capital entered the voting agreement with Brookfield under which Voce Capital agreed to vote in favor of the Merger with Brookfield and against any action or agreement that would impede the consummation of the Merger.  *Id.* at 10–11, 32.  The Merger was subsequently approved by the shareholders at a shareholder meeting on April 19, 2023 and closed on November 16, 2023.

### B.    Bermuda Appraisal Proceeding

On April 19, 2023, Petitioner and other dissenting shareholders initiated the Appraisal Proceeding in Bermuda, asking the Bermuda Court to determine the fair value of their shares in the Company under Section 106(6) of the Bermuda Companies Act of 1981.  Duncan Decl. ¶ 12; *id.*, Exs. 1–6.  In the Appraisal Proceeding, Petitioner and other dissenting shareholders will assert

- 4 -

that the Merger Price undervalued the Company, and that the Merger was unfair to Petitioner and other minority shareholders.  *Id.* ¶ 13.  The Bermuda Court will be charged with determining the fair value of the dissenting shareholders' shares.  This process involves examining both the valuation of the Company and the fairness of the process that led to the approval of the Merger.  *Id.* ¶ 26.  Through this process, as described in the Duncan Declaration, Petitioner and the other dissenting shareholders will have the opportunity to present documentary evidence, deposition testimony, and legal arguments to the Bermuda Court.  *Id.* ¶¶ 21–34.

As of the date of filing the instant application, the parties to the Appraisal Proceeding are preparing for a "directions hearing," which will result in a ruling and "directions order" that will set the parameters for discovery in the Appraisal Proceeding and the general schedule for the case.  *Id.* ¶ 20.[2]

### C.    Respondents and the Discovery Sought

Through this Application, Petitioner seeks discovery from Respondents on issues relevant to the Appraisal Proceeding, including: (i) the fairness of, and the process to reach, the Merger Price, including negotiations between the Buyer and the Company; (ii) the process that the Buyer undertook to formulate the Merger Price; (iii) the consideration of the Merger by the Company and its Board; (iv) any alternative transactions or bids to acquire the Company; (v) the voting agreement entered into between Voce Capital and the Buyer; and (vi) documents pertaining to the Company's valuation, including any material non-public information, valuations, models and any forecasts of the Company's future performance (the "Requested Discovery").

---

[2] On January 3, 2024, the Company filed a summons for an application to stay the Appraisal Proceeding pending the appeal of a decision of the Bermuda Supreme Court in a separate proceeding to the Privy Council, Bermuda's highest court.  Duncan Decl. ¶ 16.  On December 3, 2024, the Bermuda Court issued a ruling denying the Company's application for a stay.  *Id.* ¶ 19.  Accordingly, discovery in the Appraisal Proceeding is now proceeding, and as of the date of this Application, the parties in the Appraisal Proceeding are negotiating a draft Directions Order.  *Id.* ¶ 20.

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

The Requested Discovery will significantly assist the Bermuda Court in evaluating the Merger and determining the fair value of Petitioner's shares in the Company. *See* Duncan Decl. ¶¶ 44–45.

### 1.    J. Daniel Plants

Respondent J. Daniel Plants is the founder and Chief Investment Officer of Voce Capital. Mr. Plants acted as an independent director of the Company and served as the chair of the Company's strategic review committee during the negotiation and consideration of the Merger. Proxy Statement at 26.  Mr. Plants was appointed as an independent director on August 4, 2022, and as chair of the strategic review committee on September 1, 2022.  *Id.* at 45.  He resigned from the Board of Directors on February 13, 2023, following the execution of the Merger Agreement. *Id.* at 33.  During this period, Mr. Plants attended every meeting of the strategic review committee. *Id.* at 48.  As the chair of the strategic review committee, Mr. Plants was a key player in the negotiation and evaluation process that resulted in the Merger.  *See, e.g., id.* at 27 ("the members of the strategic review committee were presented with an updated confidential information memorandum that would be provided to potential counterparties that entered into confidentiality agreements with Argo Group, which included updated management financial projections reflecting the expected impact of the LPT and the Lloyd's Syndicate 1200 sale"); *id.* at 28 ("the strategic review committee met, with representatives from Argo Group's management, Goldman Sachs and Skadden present, to discuss, among other things, the status of the ongoing due diligence being conducted by Brookfield Reinsurance, Party A, Party B and Party E, and related discussions with such parties regarding a potential transaction"); *id.* at 29 ("Argo Group's board of directors determined to delegate authority to the strategic review committee to engage in further negotiations with Brookfield Reinsurance regarding its per common share offer price"); *id.* ("the strategic review committee instructed representatives of Goldman Sachs to inform Brookfield Reinsurance that Argo Group would be willing to accept Brookfield Reinsurance's revised offer price of $30.00 per common share").

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

According to a licensed private investigator's search, Mr. Plants is listed as the current resident of a house in San Francisco, California.  Burtis Decl. ¶ 3.  As of the date of this Application, Mr. Plants is no longer a director of the Company.  Proxy Statement at 33.

### 2.  Voce Capital

Prior to the Merger, Voce Capital was one of the Company's largest shareholders, holding 9.45% of the outstanding common shares.  *Id.* at 35.  Voce Capital agreed to enter into a voting agreement with the Buyer, pursuant to which, among other things, Voce Capital agreed to vote all of its common shares in favor of the Merger.  *Id.*  This voting agreement was a critical component of the Merger and the Merger negotiations.  *See, e.g.*, *id.* at 29 (Buyer's "proposal was conditioned on (i) Voce agreeing to enter into a voting agreement to vote its Argo Group common shares in favor of the approval of a transaction with Brookfield Reinsurance"); *id.* at 32 ("Representatives of Voce, Argo Group and Brookfield Reinsurance also had a call to resolve the remaining open points with respect to the voting agreement regarding (i) the duration of transfer restrictions applicable to the covered shares, (ii) the scope of Argo Group's obligation with respect to the timing of filing this proxy statement and holding the special general meeting and (iii) the amount of Voce's out-of-pocket expense reimbursement").

### III.  ARGUMENT

28 U.S.C. § 1782 permits United States District Courts to grant discovery for use in a pending foreign proceeding.  *Intel*, 542 U.S. at 246.  A Section 1782 application must satisfy three statutory requirements: (1) the discovery is sought from someone who resides or is found within the district; (2) the discovery is for use before a foreign tribunal; and (3) the applicant is an "interested person."  *In re Wallis*, No. 18-MC-80147-DMR, 2018 WL 5304849, at *4 (N.D. Cal. Oct. 24, 2018).

If these statutory requirements are met, the court then considers four discretionary "*Intel*" factors in deciding whether to grant a Section 1782 application: (1) whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.  In exercising this discretion, courts are often mindful of "twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *In re Request for Int'l Jud. Assistance from the Nat'l Ct. Admin. Of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015).  No one factor should be given more weight than the others, and no one factor is dispositive.  *See In re Mut. Assistance of Local Court of Wetzlar, Germany*, No. 17-mc-00078-SKO, 2018 WL 2183966, at *3 (E.D. Cal. May 11, 2018); *see also In re Application of Action & Prot. Found.*, No. C 14–80076 MISC EMC (LB), 2014 WL 2795832, at *4 (N.D. Cal. June 19, 2014) (noting that the *Intel* factors "involve overlapping considerations, are considered collectively by the court in exercising its discretion, and are not stand-alone categorical imperatives.").

### A.    The Application Satisfies the Three Statutory Requirements of 28 U.S.C. § 1782.

#### 1.    Respondents Are Found in this District.

As to Mr. Plants, for a natural person, Section 1782's requirement that a respondent "reside[s] or be found" in a district is satisfied when the person is a resident of the district.  *See In re Vahabzadeh*,  No. 20-mc-80116-DMR, 2020 WL 5095131, at *2 (N.D. Cal. Aug. 28, 2020) ("First, Mostafa Vahabzadeh resides in San Ramon, California, which is in this district.").  A licensed private investigator's search of proprietary and open-source databases show that Mr. Plants resides at a home in San Francisco, California. Burtis Decl. ¶ 3.  Accordingly, Mr. Plants "resides" or is "found" in this District.

As to Voce Capital, Section 1782's requirement that a respondent "reside[s] or be found" in a district is satisfied when an entity respondent is headquartered in the state.  *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215, 2020 WL 820327, at *3 (N.D.

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1  Cal. Feb. 19, 2020) ("A business entity is "found" in the judicial district where it is incorporated

2  or headquartered.").  Voce Capital is headquartered in San Francisco, California and is thus

3  "found" in this District.  *See* Loft Decl. Ex. 4.

4                    2.        The Discovery Sought Is "For Use" in a Foreign Proceeding.

5         A Section 1782 application establishes the "for use" requirement by showing that the

6  Requested Discovery may be submitted and relied on by the foreign tribunal. "Thus, applicants

7  must show that the material requested is tethered to a specific foreign proceeding and is relevant."

8  *Qualcomm Inc for an Order Pursuant to 28 U.S.C. § 1782*, No. 18-MC-80134-NC, 2018 WL

9  6660068, at *2 (N.D. Cal. Dec. 19, 2018); *see also In re Application of Murchinson Ltd.*, No. 2:23-

10  mc-00191-SB-PD, 2024 WL 489175, at *2 (C.D. Cal. Jan. 26, 2024) ( "for use" element is satisfied

11  where the applicant has shown that it has "the procedural right to submit the requested documents

12  to the foreign tribunal") (internal citation omitted).  An applicant is not required to demonstrate

13  that the information sought would be discoverable or admissible in the foreign proceedings.  *In re*

14  *Request for Judicial Assistance from the Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir.

15  1977) ("[F]ederal courts, in responding to [§ 1782] requests, should not feel obliged to involve

16  themselves in technical questions of foreign law relating to . . . the admissibility before [foreign]

17  tribunals of the testimony or material sought.").

18         As explained in the declaration from Petitioner's Bermuda counsel, the Bermuda Court

19  will accept and consider any relevant evidence submitted by the parties, so long as it is lawfully

20  obtained through Section 1782 and otherwise admissible.  In the Appraisal Proceeding, the

21  Bermuda Court will consider all facts and matters that may have a bearing on the determination of

22  fair value.  As explained by Petitioner's Bermuda counsel, where, as here, the parties dispute

23  whether the Merger Price represents the fair value of the Company's shares, the Bermuda Court's

24  inquiry often involves a consideration of evidence relating to whether the process that led to the

25  transaction was fair.  Duncan Decl. ¶¶ 21–29.

26         The Requested Discovery from Respondents targets key information about both the price

27  and terms of the Merger, and the process through which the price and terms were considered,

28
                                                  - 9 -

negotiated, and ultimately agreed upon between the Buyer and the Company.  Respondents were major participants in that process.  Mr. Plants chaired the strategic review committee that considered, negotiated, and ultimately approved the Merger, and the voting agreement that Voce Capital entered with the Buyer was as essential component of the Merger.[3]  Accordingly, the Requested Discovery will be "for use" in the Appraisal Proceeding given its relevance to the Bermuda Court's determination of the fair value of Petitioner's shares in Argo.

3.     Petitioner Is an "Interested Person."

"Litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *In re Pioneer Corp. v. Technicolor, Inc.*, No. LA CV18-04524 JAK (SSx), 2018 WL 4961911, at *5 (C.D. Cal. Sept. 12, 2018) ("An 'interested person' includes, but not limited to, parties in a foreign proceeding").  Petitioner is a party to the Appraisal Proceeding, Duncan Decl. ¶¶ 3, 12, and is thus an "interested person" under Section 1782.

**B.     The *Intel* Factors Weigh Strongly in Favor of Discovery.**

1.     *Intel* I: Respondents Are Not Parties to the Appraisal Proceeding.

The first *Intel* factor asks whether the party from whom discovery is sought is a party to the foreign proceeding.  This is because "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."  *Intel*, 542 U.S. at 264.  Here, Respondents are not parties to the Appraisal Proceeding and are not subject

---

[3] Courts routinely grant Section 1782 applications seeking similar discovery from both members of the buyer group and members of the board that approved a transaction that leads to appraisal litigation.  *See, e.g.*, *In re Alpine Partners (BVI) L.P.*, 635 F. Supp. 3d 900, 909 (N.D. Cal. 2022) (granting 1782 application seeking documents and deposition from member of buyer group in connection with Cayman Islands appraisal proceeding); *In re FourWorld Event Opportunities, LP*, No. 21-mc-00543-PKC, ECF No. 8 (S.D.N.Y. Aug. 8, 2021) (same); *In re FourWorld Event Opportunities, LP*, No. 21-mc-00283-RGS, ECF No. 6 (D. Del. July 29, 2021) (same); *FourWorld Event Opportunities, LP v. Dodds*, No. 1:22-mc-00018-TNM, ECF No. 8 (D.D.C. Feb. 14, 2022) (granting 1782 application seeking discovery from member of Special Committee that approved merger).

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

to the jurisdiction of Bermuda.  *See, e.g.*, *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *3 (N.D. Cal. Sept. 15, 2010) ("[Discovery target] is not a party in the international arbitration, and therefore this factor weighs in the [petitioner's] favor."); *In re Mireskandari*, No. 12-CV-2865-IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) (first *Intel* factor satisfied when respondent was "not subject to the English court's jurisdiction").

In the absence of jurisdiction, the Bermuda Court is unable to direct Respondents to produce any evidence or discovery in the Appraisal Proceeding.  *See* Duncan Decl. ¶ 35.  Under Bermuda law, parties are not obligated to produce documents from third parties that are not otherwise in their own "possession, custody or power."  *Id.* ¶ 27.  Given that Mr. Plants is a former independent director of the Company, it may be conceivable that certain of the Requested Discovery could be available from the Company, a party to the Appraisal Proceeding.  The proposed Subpoena directed to Mr. Plants, however, is tailored to seek evidence that is not duplicative of what may be available in the Appraisal Proceeding.  Specifically, the proposed Subpoena seeks discovery only insofar as the discovery is outside Argo's "possession, custody or power"—the limit of what would be available through the disclosure process in the Appraisal Proceeding.  Duncan Decl. ¶ 30; Loft Decl. Ex. 1 at Instructions ¶ 1.

Similarly, the Bermuda Court lacks jurisdiction to compel Respondents to provide oral testimony.  *See* Duncan Decl. ¶ 35–36.  Under analogous circumstances, courts in the Middle District of Florida and District of New Jersey recently granted Section 1782 depositions of former Special Committee directors in connection with a Bermudian appraisal proceeding, even though the respondents represented that they would appear as witnesses in the underlying proceeding.  *See Alpine Partners (BVI) L.P. v. Mark Guinan*, No. 2:24-MC-5-SPC-KCD, 2024 WL 2868457 (M.D. Fla. May 23, 2024); *In re Alpine Partners (BVI) L.P.*, No. cv-24-337, 2024 WL 4336824 (D.N.J. Sept. 27, 2024).  In the Middle District of Florida case, the petitioner sought the deposition of Mark Guinan, who similarly to Mr. Plants, was a director of the Special Committee that approved the take-private acquisition at issue in the underlying proceeding.  Guinan contested the requested deposition under the first *Intel* factor on the basis that he intended to testify at the Bermudian trial

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

and was therefore a participant in the Bermuda proceeding. *Id.* at 5. However, the court disagreed that "an *unaffiliated, potential witness*, like Guinan" could be considered a participant in the foreign proceeding. *Id.* at 5 (emphasis added). Additionally, as the court observed, Guinan's intention to provide testimony was merely an "unenforceable promise[] to appear" since the Bermuda Court lacked jurisdiction over Guinan, who was "no longer affiliated with any party to the Appraisal Proceeding and [was] not a resident of Bermuda." *Alpine Partners*, 2024 WL 2868457, at *5–6. Similarly, in the District of New Jersey case, the court granted petitioner's request for a deposition of Terrie Curran, a co-member of the Special Committee with Mr. Guinan. The court held that "[i]t is axiomatic that a pretrial deposition serves a different function than cross-examination at trial" and that "it cannot be definitively established that [Ms. Curran's] testimony—pre-trial or otherwise—is within the Bermuda Court's jurisdictional reach." *In re Alpine Partners*, 2024 WL 4336824, at *5. Here, Mr. Plants, like Mr. Guinan and Ms. Curran, is a *former* director of the Company who resides in the United States and is therefore outside of the jurisdiction of the Bermuda Court. There is also no question that Voce Capital, an entity unaffiliated with the Company and headquartered in this District, is outside the Bermuda Court's jurisdiction. Accordingly, the first *Intel* factor weighs in favor of granting the Application.

2.  <u>*Intel* II: The Bermuda Court Is Receptive to the Requested Discovery.</u>

The second *Intel* factor requires courts to consider whether the "nature, attitude and procedures" of the foreign tribunal indicate that it is receptive to Section 1782 assistance. *Intel*, 542 U.S. at 244. The vast majority of recent cases in this Circuit have held that the burden is on respondents to show "authoritative proof" that a foreign tribunal would be unreceptive to evidence obtained pursuant to Section 1782. *See In re Nokia Techs. Oy*, No. 21MC1487 (MSB), 2022 WL 788702, at *2 (S.D. Cal. Mar. 15, 2022) ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.") (quoting *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019)); *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("[C]ourts look for 'authoritative proof that a

- 12 -

foreign tribunal would reject evidence obtained with the aid of § 1782.'" (citation omitted)); *see In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *4 (N.D. Cal. Nov. 7, 2019) ("The second *Intel* factor weighs in favor of discovery unless the foreign tribunal in question has expressly made it clear that it would not accept the evidence.").

Bermuda courts will consider any evidence that has a bearing on determining the fair value of a company's shares. *See* Duncan Decl. ¶¶ 21–34. Moreover, as set forth in the Duncan Declaration, it is common for litigants in Bermuda to use Section 1782 to obtain evidence located in the United States. *See id.* ¶¶ 38–41. According to Petitioner's Bermuda counsel, based on his professional experience as a Bermudian lawyer, the Bermuda Court will be receptive to evidence obtained through Section 1782. *Id.* Moreover, Bermuda courts have specifically held that a Section 1782 application can be used to obtain discovery for use in Bermuda proceedings. *See id.*[4]

In the United States, multiple courts have recognized that Bermuda courts are receptive to evidence obtained through Section 1782. *See, e.g.*, *In re Winston Wen-Young for Assistance before a Foreign Tribunal*, No. 21-cv-8627, ECF No. 19 (D.N.J. June 15, 2021) (granting modified Section 1782 application for discovery to be used in Bermudian proceedings); *Am. Patriot Ins. Agency, Inc. v. Hendricks*, No. 10-CV-00985, ECF No. 8 (N.D. Ill. Feb. 19, 2010) ("This matter coming to be heard upon [Petitioners'] Petition for Discovery Litigation under 28 U.S.C. § 1782 . . . is granted."); *see also Letter of Request for Examination of Witness Out of Jurisdiction, Am. Patriot Ins. Agency, Inc. v. Hendricks*, No. 10-CV-00985, ECF No. 1-3 (N.D. Ill. Feb. 12, 2010) ("Now I . . . a Judge of the Supreme Court of Bermuda hereby request . . . you will be pleased to summon the said witness . . . . It is the understanding of this court [the Supreme Court of Bermuda]

---

[4] Further, courts in the Cayman Islands, to which Bermuda courts look to as persuasive authority, have accepted evidence obtained in the United States under Section 1782, both generally and in appraisal cases. Duncan Decl. ¶ 38. The Cayman Islands, like Bermuda, is both an offshore financial center and a British Overseas Territory. *Id.* ¶ 21. Both have similar procedural rules and derive their common law system from English law. *Id.* ¶ 21. As a result, the Bermuda Court look to Cayman Islands law as persuasive authority in the absence of Bermudian precedents in shareholder appraisal proceedings, which are less common in Bermuda than in the Cayman Islands. *Id.*

- 13 -

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1   that the granting of assistance is authorised by your federal rules of civil procedure."); *In re*

2   *Application of Hill*, No. M19-117 (RJH), 2005 WL 1330769 (S.D.N.Y. June 3, 2005) (rejecting

3   motion to quash 1782 subpoena for discovery to be used in Bermudan and Hong Kong liquidation

4   proceedings).

5          Accordingly, the second *Intel* factor weighs in favor of granting the Application.

6          3.     <u>*Intel* III: Petitioner Is Not Circumventing Foreign Proof-Gathering</u>

7          <u>Restrictions.</u>

8          The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to

9   circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

10  States." *Intel*, 542 U.S. at 265. In *Intel*, the Supreme Court expressly rejected the notion that

11  Section 1782 requires that the evidence be discoverable in the foreign proceeding itself. *Id.* at 261

12  ("A foreign nation may limit discovery within its domain for reasons peculiar to its own legal

13  practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United

14  States federal courts."). Rather, "'[P]roof-gathering restrictions' are best understood as rules akin

15  to privileges that *prohibit* the acquisition or use of certain materials." *In re Application of Credit*

16  *Suisse Virtuoso SICAV-SIF In Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance*

17  *Fund*, No. 21-MC-80308-JCS, 2022 WL 1786050, at *11 (N.D. Cal. June 1, 2022) (quoting *Mees*

18  *v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015)) (emphasis and alteration in original); *see also In*

19  *re Hattori*, No. 21-mc-80236-TSH, 2021 WL 4804375 at *4 (N.D. Cal. Oct. 14, 2021) ("The

20  question under this prong is whether the foreign court would be affronted by the applicant's resort

21  to U.S. discovery."). No such prohibition exists here. Accordingly, under this factor, "the Court

22  is not required to determine whether the evidence obtained from [Respondent] would be

23  discoverable or admissible in the [foreign] proceedings." *In re Mireskandari*, No. 12-CV-2865-

24  IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) ("Notwithstanding, much of the

25  parties' arguments to this Court relate to whether the evidence would be admissible in the foreign

26  proceedings and, even less important to this Court, whether the evidence provides a substantive

27

28

- 14 -

1    basis for overturning the Tribunal's decision. Such issues are appropriately suited for the English

2    courts.").

3    　　　In the Appraisal Proceeding, the Bermuda Court will issue a Directions Order that will set

4    forth the scope of discovery.  The default discovery rule for appraisal proceedings in Bermuda is

5    "general discovery," meaning that the Company will be compelled to produce all "documents

6    which are or have been in their possession, custody or power relating to matters in question in the

7    action."    Duncan Decl.  ¶ 30.    More limited discovery is only ordered in "exceptional

8    circumstances" that do not apply to the Appraisal Proceeding. *Id.* ¶¶ 32–33. Even if the Bermuda

9    Court were to order a proof-gathering restriction, such a restriction would not apply to

10   Respondents.  *See In re Application of Oasis Core Invs. Fund Ltd.,* No. 23-mc-402 (SHS), 2024

11   WL 472984, at *2 (S.D.N.Y. Feb. 7, 2024) ("More generally, even if the Directions Order were to

12   restrict discovery, such a restriction would apply to Triton and Oasis, the parties in the Bermuda

13   proceeding.  There is no evidence in this record suggesting that the Directions Order would govern

14   or prohibit any potential discovery from non-party [respondent]").  As such, there is no

15   requirement that Petitioner must wait for the Bermuda Court to issue its Directions Order before

16   seeking discovery from non-parties to the Appraisal Proceeding pursuant to Section 1782.  *See id.*

17   (rejecting argument that petitioner acted in bad faith by bringing Section 1782 application prior to

18   a Directions Order being entered in Bermuda and finding that the third *Intel* factor weighed in

19   favor of petitioner).

20   　　　In addition, there is no "quasi-exhaustion requirement," *i.e.*, a requirement that Petitioner

21   first seek the discovery in the foreign court. *Illumina Cambridge Ltd. V. Complete Genomics, Inc.*,

22   No. 19-mc-80215-WHO (TSH), 2020 WL 820327, at *6 (N.D. Cal. Feb. 9, 2020) (no exhaustion

23   requirement); *de Leon v. Clorox Company*, No. 19-mc-80296-DMR, 2020 WL 4584204, at *8

24   (N.D. Cal. Aug. 10, 2020) (no requirement to first seek discovery in foreign tribunal); *In re PJSC*

25   *Uralkali for an Ord. Pursuant to 28 U.S.C. § 1782*, No. C18-1673JLR, 2019 WL 291673, at *5

26   (W.D. Wash. Jan. 23, 2019) ("[A]n applicant need not exhaust, or even commence, its discovery

27   efforts in the foreign proceeding before resorting to § 1782.").

28

- 15 -

1    Therefore, the third *Intel* factor weighs in favor of granting the Application.

2        4.    *Intel* IV: The Subpoenas Are Not Unduly Burdensome.

3    The Requested Discovery is not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

4    "The proper scope of [discovery] under § 1782 application is generally determined by the Federal

5    Rules of Civil Procedure." *In re Credit Suisse Virtuoso*, No. 21-mc-80308-JCS, 2022 WL

6    1786050, at *12 (N.D. Cal. June 1, 2022); *see also In re Bayer AG*, 146 F.3d 188, 195 (3d Cir.

7    1998) ("The reference in § 1782 to the Federal Rules suggests that under ordinary circumstances

8    the standards for discovery under those rules should also apply when discovery is sought under

9    the statute."). The Subpoenas seek documents and information directly relevant to the central

10    issues in the Appraisal Proceeding.[5] In addition, the Subpoenas are temporally limited to the

11    period in which the Merger was being contemplated, negotiated, and executed.

12    Petitioner is also willing to meet and confer with Respondents to address any scope or

13    burden concerns. If the Court has remaining concerns about undue burden, granting the

14    Application will not preclude Respondents from bringing a motion to modify the Requested

15    Discovery.

16    Additionally, depositions of Respondents are appropriate here. Courts commonly grant

17    depositions in Section 1782 proceedings. *See, e.g., HRC-Hainan Holding Co., LLC v. Yihan Hu*,

18    No. 19-MC-80277-TSH, 2020 WL 906719, at *15 (N.D. Cal. Feb. 25, 2020) (holding that a

19    30(b)(6) deposition sought through a 1782 application was appropriate as "the Rules of Civil

20    Procedure themselves ensure that the length, time and place of the deposition do not impose an

21    undue burden."); *Illumina*, 2020 WL 820327, at *7 (same); *Stockinger v. Toyota Motor Sales,*

22    *U.S.A., Inc.*, No. 18MC00084VAPKSX, 2018 WL 6517106, at *2 (C.D. Cal. Aug. 15, 2018)

23    ("Mrs. Casper has provided no evidence that her deposition would impose an undue burden on

24

25    _____

26    [5] *See also In re Gushlak*, No. 11-MC-218 (NGG), 2011 WL 3651268, at *6 (E.D.N.Y. Aug. 17, 2011) (a Section 1782 request, like any other discovery request, is "reasonably calculated to lead

27    to relevant matter if there is *any possibility* that the information sought may be relevant to the subject matter of the action") (emphasis in original) (internal citations omitted).

28

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

her, other than the mere assertion that this would be so. Thus, this Court finds that the relevance of Mrs. Casper's independent knowledge to the claims and defenses in the Stockinger Action outweighs any potential burden."); *TS Prod., Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 532 (N.D. Cal. 2015) (denying motion to quash Rule 45 subpoena seeking deposition testimony); *Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc*, No. 14-CV-04568-RS (KAW), 2015 WL 6167968, at *4 (N.D. Cal. Oct. 21, 2015) ("Defendants' contentions that the deposition is irrelevant and harassing also lack merit.  Plaintiff explains that they seek to depose Teague regarding the knowledge and observations he obtained during his investigation . . . .  This is relevant to the claims asserted in this case.").  *See also Alpine Partners (BVI) L.P. v. Mark Guinan*, No. 2:24-MC-5-SPC-KCD, ECF No. 36 at 7 (M.D. Fla. Apr. 15, 2024) ("Given Guinan's relevance to the Bermuda suit, requiring him to sit for a deposition is not unduly burdensome.").

Given the significance of discovery from Voce Capital and Mr. Plants to the Appraisal Proceeding, depositions of Respondents are appropriate and will significantly aid the Bermuda Court.

## IV.     CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant its Application.

Dated: February 7, 2025

Respectfully submitted,

By: */s/ Frank Busch*

Frank Busch (258288)
ef-fhb@cpdb.com
**COBLENTZ PATCH DUFFY & BASS LLP**
1 Montgomery Street, Suite 3000
San Francisco, CA  94104
Telephone: (415) 391-4800

Duane L. Loft*
Duane.Loft@pallasllp.com
Brianna Hills Simopoulos*
Brianna.Simopoulos@pallasllp.com
Mark C. Davies*
Mark.Davies@pallasllp.com

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PALLAS PARTNERS (US) LLP**
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300

*\*Pro hac vice* applications forthcoming

*Counsel for Petitioner*

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**